11697

STATE v. AUGUSTINE

(126 S. E., 759)

1. CRIMINAL LAW—NEW TRIAL FOR NEWLY DISCOVERED EVIDENCE NOT FAVORED.—Courts do not look with favor on motions for new trial, on ground of newly discovered evidence.

2. CRIMINAL LAW—NEW TRIAL FOR NEWLY DISCOVERED EVIDENCE MATTER OF DISCRETION OF COURT.—A motion for new trial, on ground of after discovered evidence, is addressed to the sound discretion of the trial Court.

3. CRIMINAL LAW—RULING ON MOTION FOR NEW TRIAL FOR NEWLY DISCOVERED EVIDENCE NOT REVIEWABLE IN ABSENCE OF ABUSE OF DISCRETION.—Action of Court on motion for new trial, on ground of newly discovered evidence, will not be reviewed in absence of abuse of discretion or error of law.

4. CRIMINAL LAW—DENIAL OF NEW TRIAL FOR NEWLY DISCOVERED EVIDENCE HELD NOT ABUSE OF DISCRETION.—In prosecution for assault with intent to kill, in which several officers testified that defendant shot at them, and defendant did not deny that he fired shots, but claimed that he had been drinking, and had no recollection of what had occurred, denial of motion for new trial, on ground of after discovered evidence, which would have tended to show that defendant had not fired the shots, on theory that such testimony would not change result, *held* not abuse of discretion.

5 CRIMINAL LAW—MOTION FOR NEW TRIAL, MADE MORE THAN YEAR AFTER DISCOVERY OF NEW EVIDENCE, HELD PROPERLY REFUSED.— Motion for new trial for after discovered evidence, made more than a year after discovery of such evidence, *held* properly refused, because not made within required time, though made at first term of Court after refusal of clemency by the Governor and after the adjournment of the Legislature of which defendant's attorney was a member.

Before SHIPP, J., Greenwood, September, 1924.   Affirmed.

Henry R. Augustine was convicted, in the County Court, of assault and battery with intent to kill.   Conviction affirmed by the Circuit Court, and defendant appeals.

Several officers testified that defendant approached officers with his rifle; that he raised his rifle to his shoulder and started firing; that defendant fired four shots and was finally wounded by return shot of officer.   The defendant testified that he remembered being arrested, but did not remember anything else that took place except the flaring and noise of the shooting; that he had no ill will toward the officers; that he had been drinking; and that he had previously fired the rifle, and had not reloaded it.

The newly discovered testimony, as stated in affidavits, would tend to prove that defendant had not fired shots to which the officers had testified.   The general Sessions Court sustained County Court's refusal to grant motion for new trial, on the ground that it could not be said that the new evidence would probably change the result, and that motion for new trial made more than a year after the evidence was discovered came too late.

The defendant appeals from the order dismissing the appeal from the County Court on the following exceptions, to wit:

. Exception One.   His Honor erred in overruling the exception to the judgment of the County Court in refusing to grant the defendant a new trial during the term on the strength of the after-discovered evidence of A. A. Duncan; the error being that such testimony was material as to whether the defendant fired his rifle, the testimony not being cumulative, and the defendant was entitled to have the jury pass upon this question.

Exception Two.   It was error in his Honor to sustain the judgment of the County Court in refusing a new trial upon the after-discovered testimony of F. H. Suits; the

error being that this testimony was not discovered until after the trial, it could not be discovered by due diligence, it is material, and would probably change the result, and the defendant was entitled to have the jury pass upon it.

Exception Three. It was error in his Honor to find and hold in his decree that "I cannot say that the new evidence would probably change the result, if a new trial should be granted. Such was the opinion of the County Judge." The error is one of fact. The County Judge dismissed the motion for a new trial because "it is the opinion of the Court that the said defendant has not made a sufficient showing to entitle him to a new trial."

Exception Four. His Honor erred in not sustaining the exception to the County Court in dismissing the motions for a new trial upon the ground that "defendant has not made a sufficient showing to entitle him to a new trial." It is respectfully submitted that it was an abuse of discretion to totally disregard the affidavits of the defendant and his attorney as to the use of due diligence in discovering testimony.

Exception Five. It was error to sustain the judgment of the County Court in refusing a new trial so that the testimony of F. H. Suits and the other witness, whose name is unknown, could be passed upon by the jury. The error is that none of this testimony is cumulative, and that these are the only eyewitnesses to the offense, if one were committed, except the officers who testified for the State.

Exception Six. It was error in his Honor to hold that the motion for a new trial was made after the appeal had been dismissed; the error being that the motion for a new trial was made the same day that the motion to dismiss the appeal was made and before said appeal was dismissed.

Exception Seven. It was error in his Honor to find that the motion comes too late; the error being that the motion was made at the first term of the Court after the refusal of

clemency was made known and the Legislature, of which .the defendant's attorney was a member, had adjourned.

*Mr. Lloyd B. Harrison,* for appellant, cites: *New trial on after-discovered evidence:* 14 S. C., 428; 108 S. C., 295; 33 S. C., 401.

*Messrs. Marshall F. Sanders, County Court Solicitor,* and *H. L. Blackwell, Solicitor,* for the State, cite: *Motion for new trial on after-discovered evidence addressed to discretion of Court:* 89 S. C., 51; 95 S. C., 471; 93 S. C., 195; 122 S. C., 493; 121 S. C., 290; 20 R. C. L., 294, Secs. 65, 76; 74 S. C., 368; 87 S. C., 546; 121 S. C., 215; 122 S. C., 499; 100 S. C., 331; 96 S. C., 380; 117 S. E., 349; 117 S. E., 57.

February 25, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"The defendant, Henry R. Augustine, was tried in the County Court for Greenwood County at the May term, 1923, on a charge of assault and battery with intent to kill. He was convicted by a jury and given a sentence of 24 months, 18 months of which were suspended during good behavior upon the payment of a fine of $200.00.

During the same term of Court a motion was made for a new trial based upon after-discovered or newly-discovered evidence, and the affidavit of A. A. Duncan was offered in substantiation of this motion. The motion was overruled.

"The defendant gave notice of intention to appeal to the General Sessions Court for Greenwood County, and afterwards, with the consent and knowledge and acquiescence of the County Solicitor and the County Judge, he was allowed to present his case before the Pardon Board at its July meeting, 1923. The petition for clemency was recommended upon certain conditions by the County Judge and the County Solicitor. Neither the defendant nor his attor-

ney was notified of the decision of the said Board. On the 3d day of January, 1924, the defendant, Henry R. Augustine, through his attorney, again appealed to His Excellency, the Governor, for executive clemency, which was declined.

"On the 5th day of March, 1924, the County Solicitor served the defendant's attorney with notice of intention to make a motion at the March term of the said Court to dismiss the appeal from the County Court in this matter. The said motion was not made until the May term of Court, because the attorney for the defendant was in attendance upon the session of the General Assembly of the State of South Carolina during the said term. Upon the motion made at the May term to dismiss the appeal, the defendant, through his attorney, made a motion for a new trial upon newly-discovered evidence, which was supported by affidavits of the defendant, his attorney, one F. H. Suits, and A. A. Duncan. The motion of the defendant was overruled by order of June 20, 1924, because 'it is the opinion of the Court that the defendant has not made a sufficient showing to entitle him to a new trial.' Whereupon the defendant gave notice of intention to appeal to the General Sessions Court of the County.

"The appeal was heard by Hon. S. W. G. Shipp at the September term of the Sessions Court, which resulted in the order set out in the 'case'. The defendant then gave notice of appeal to the Supreme Court of the State, alleging errors as shown in the exceptions."

The exceptions, seven in number, allege error.

The Courts do not look with favor upon motions 1-5 of this character, as there must be an end to litigation in any case; however, there are cases that motions of this character should be entertained and granted in order that wrongs done may be remedied. The rule is well settled that a motion for a new trial on the ground of after-discovered evidence is addressed to the sound discre-

tion of the trial Court and will not be reviewed unless there is abuse of that discretion or that the decision was influenced by an error of law. This is made clear in *State v. Jones,* 89 S. C., 51; 71 S. E., 291; Ann. Cas. 1912D, 1298. Also, *Miller v. A. C. L.,* 95 S. C., 471; 79 S. E., 645. *State v. Bethune,* 93 S. C., 195; 75 S. E., 281. *State v. Hawkins,* 121 S. C., 290; 114 S. E., 538; 27 A. L. R., 1083. *State v. Jackson,* 122 S. C., 493; 115 S. E., 750.

The exceptions cannot be sustained as we see no error as complained of.

The exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES FRASER and MARION and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN. did not participate.