19252

The STATE, Respondent, v. James V. DeANGELIS, Appellant.

(182 S. E. (2d) 732)

*Messrs. Patrick E. Treacy* and *Jack McGuinn,* of Columbia, *for Appellant,*

*Philip Wingard, Esq., Sol.* of Greenville, *for Respondent.*

July 8, 1971.

Moss, Chief Justice.

At the 1970 May Term of the General Sessions Court for Lexington County, a jury was duly empaneled and sworn to try James V. DeAngelis, the appellant herein, on an indictment charging him with receiving stolen goods. There were two other indictments pending charging him with receiving stolen goods, and a fourth and fifth indictment charging him, along with others, with receiving stolen goods and a conspiracy to commit the crime of receiving stolen goods. A sixth indictment charged the appellant, along with two others, with committing the crimes of housebreaking, safecracking and grand larceny.

Prior to proceeding with the trial, the appellant's retained counsel requested and were granted time to discuss with their client the possibility of entering guilty pleas to the several indictments against him. Thereafter, these attorneys made various offers for a negotiated plea and sentence, exclusive of any plea to the indictment charging the crimes of housebreaking, safecracking and larceny. After further lengthy negotiations, the appellant, through his retained counsel, offered to enter a plea of guilty on each of the six pending indictments and would accept a sentence of sixty years, provided he would not have to serve over three years before being placed on probation, and further that the indictment charging him with housebreaking, safecracking and larceny be amended to charge the crime of accessory after the fact to housebreaking and grand larceny. The State agreed and recommended to the trial judge that the six pleas of guilty be accepted upon the terms above stated.

Prior to the acceptance of the pleas of guilty the trial judge personally conducted an examination of the appellant, with a stenographic record thereof being made by the court reporter, to determine whether the pleas were being made voluntarily and with the understanding of the nature of the

charges, the consequences of the pleas and the rights necessarily abandoned by such pleas. We quote the following from the record:

"THE COURT: With reference to these six indictments, more particularly with reference to each of your six pleas, I ask you this question. Do you enter each plea freely and voluntarily?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you understand that you have a right, with reference to each of these charges, to plead not guilty and be tried by a jury?

"THE DEFENDANT: Yes, sir.

"THE COURT: Understanding that, do you still wish these pleas of guilty to stand?

"THE DEFENDANT: Yes, sir.

"THE COURT: With reference to each plea, I ask you are you guilty of that which you have plead guilty to?

"THE DEFENDANT: Yes, sir.

\* \* \*

"THE COURT: Before we start, let me ask the prisoner this. Are you represented by attorneys?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are they your own employed lawyers?

"THE DEFENDANT: Yes, sir.

"THE COURT: Have you discussed these charges with them?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are you satisfied that they are competent to represent you?

"THE DEFENDANT: Yes, sir."

The court sentenced the appellant in the aggregate to a term of twenty years, provided that upon the service of three years the balance of his sentence would be suspended and he would be placed on probation for five years. The appellant was given one hundred and twenty days within which to arrange his business affairs before he commenced the service of his prison term.

In August, 1970, the appellant made a motion for a new trial upon the ground of after-discovered evidence. This motion was denied by the trial judge on the ground that the aforesaid pleas of guilty had been initiated and negotiated by the appellant and that the affidavits offered in support of the motion failed to establish any after-discovered evidence. The appellant prosecutes this appeal from such order.

It appears from the record that the guilty pleas of the appellant and the sentence imposed were the result of plea bargaining. Plea bargaining has been approved by the United States Supreme Court in the case of *Brady v. United States,* 397 U. S. 742, 90 S. Ct. 1463, 25 L. Ed. (2d) 747. In the cited case it was held that the defendant was not entitled to withdraw his guilty plea merely because he discovers long after the plea had been accepted that he misapprehended the quality of the State's case.

The primary question for determination is whether the trial judge committed error in not granting the motion of the appellant for a new trial made on the ground of after-discovered evidence.

The courts do not look with favor upon applications for new trials on the ground of after-discovered evidence, as there must be an end to litigation in any case; however, there are cases that motions of this character should be entertained and granted in order that wrongs done may be remedied. *State v. Augustine,* 131 S. C. 21, 126 S. E. 759. It is the fixed rule that the credibility of newly-discovered evidence offered in support of a motion for a new trial is a matter for determination by the circuit judge to whom it is offered. In him, not this court, resides the power to weigh such evidence; and, his judgment thereabout will not be disturbed except for error of law or abuse of discretion. *State v. Parker,* 249 S. C. 139, 153 S. E. (2d) 183.

The appellants motion for a new trial was based on three affidavits, one by Donald Edward Crain, Sr., one by Johnny

Rogers Ford, and one by his counsel. The appellant did not submit his own affidavit in support of his motion.

The sixth indictment, hereinbefore referred to, initially charged that on or about October 24, 1969, the appellant along with Joseph Scheibler and John Havekost, with a conspiracy to commit housebreaking, grand larceny and safecracking in that they did, pursuant thereto, on or about October 24, 1969, break into the West Columbia Post Office and did take certain money therefrom, using an acetylene torch and other tools to enter the safe of said post office. This indictment, insofar as the appellant was concerned, was amended so as to charge him with the crime of accessory after the fact to housebreaking and grand larceny. It was to this amended charge that the appellant entered a plea of guilty. Crain, by his affidavit, stated that on or about October 25, 1969, that he along with Joseph Scheibler, Moon Mullins and one Martin, did break into the West Columbia Post Office and take from the safe therein certain moneys. Crain's affidavit made no mention of the appellant.

Johnny Rogers Ford in his affidavit stated that he and Joseph Scheibler were arrested and charged with grand larceny and subsequently they pled guilty thereto and were sentenced to prison. He further stated that he had seen the appellant only one time and did not know of his own knowledge of any crimes that he had committed. With reference to the appellant, Ford further stated in his affidavit, in substance, that Joe Scheibler said that if DeAngelis would give him $600.00 to pay his way out on bond that he wouldn't testify against him but if he did not comply with his request he was going to get him into trouble.

One of the retained attorneys for the appellant made an affidavit in which he stated that since the time the pleas of guilty were entered by the appellant that he "is now in possession of after-discovered evidence indicating innocence on the part of the said defendant and evidence that would ap-

pear to operate as a defense to various indictments upon a trial by jury." He further stated that this evidence was not available and did not become available to him until after the date of the trial.

The trial judge, on September 12, 1970, denied the motion of the appellant for a new trial based on after-discovered evidence, holding that the affidavits offered with the motion failed to establish any after-discovered evidence. There is printed in the transcript of record affidavits and sworn statements of Joseph F. Scheibler, Theresa Scheibler and Richard S. Austin. All of these affidavits were given, as shown by their dates, several months after the motion of the appellant had been denied by the trial judge. We cannot consider these affidavits because they were filed after the trial and hence could not have been considered by the trial judge. 5 Am. Jur. (2d), Appeal and Error, Sec. 736, page 180.

As is heretofore stated, the appellant did not file his own affidavit setting forth the after-discovered evidence and the facts to which the witnesses will testify. It is essential to the consideration of a motion for a new trial based on after-discovered evidence that such motion shall be supported by an affidavit of the accused himself. Unless a valid and sufficient reason for the omission to file such an affidavit is shown, the affidavit of the accused must show that he did not know of the existence of such evidence at the time of the trial and that he used due diligence to discover such evidence, or that he could not have discovered it by the exercise of due diligence. An affidavit of the appellant's counsel showing these matters is not sufficient. 24 C. J. S. Criminal Law § 1484c, page 286. *Chilton v. Commonwealth,* 170 Ky. 491, 186 S. W. 191. *Nothaf v. State,* 91 Tex. Cr. R. 378, 239 S. W. 215, 23 A. L. R. 1374.

Viewing the record in this case in the light of the affidavit made in support of the motion and in the light of the foregoing principles of law, we find no abuse of discretion,

amounting to an error of law, on the part of the trial judge in refusing the motion of the appellant for a new trial based on after-discovered evidence.

The appellant charges the trial judge with error in taking the pleas of guilty without ascertaining that the appellant had, in fact, committed the acts which consituted the crimes alleged in the indictments. There is no merit in this contention. The trial judge had before him not only the pleas of guilty by the appellant but a full statement of the investigating officer as to the facts. Additionally, the appellant did not assert this position before the trial judge and it is not properly before us for decision.

The exceptions of the appellant are overruled and the judgment of the lower court is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.