20657

The STATE, Respondent, v. Q. Z. and Willie IRVIN, Appellants (two cases).

(243 S. E. (2d) 195)

*Michael P. O'Connell,* of ·Charleston, and *David I. Bruck,* of Columbia, *for Appellants,*

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes* and *Joseph R. Barker, Asst. Attys. Gen.,* and *James C. Anders, Sol.,* of Columbia, *for Respondent,*

April 5, 1978.

GREGORY, Justice:

Appellants Q. Z. and Willie Irvin were convicted of housebreaking and grand larceny, and each was sentenced to seven years imprisonment. The issues on appeal are the trial judge's refusal to grant appellants' motions for a directed verdict, a mistrial and a new trial. We affirm.

On the morning of February 27, 1976, the home of Joseph L. Jacobs was broken into and a tape player, speakers, and television belonging to Mr. Jacobs were removed. No one was home at the time.

Sometime in March 1976, the tape player was found by the police in the possession of Willie Brooks who testified he purchased the tape player from appellants at $25.00.[1]

At trial the State introduced no direct evidence of appellants' guilt, but relied on the permissible inference that one in possession of recently stolen goods is the thief. *State v. Dewitt,* 254 S. C. 527, 176 S. E. (2d) 143 (1970). The State introduced testimony establishing the occurrence of a housebreaking and larceny, and sought to connect appellants to this crime by showing their possession of the stolen articles. Willie Brooks testified he purchased the tape player from appellants, and Investigator Connie W. Lewis, Jr., of the Richland County Sheriff's Department testified he saw the tape player in appellants' car on one occasion when he stopped them for a driver's license check.

On advice of counsel appellants did not testify.

---

[1] Mr. Jacobs valued the tape player at $200.00.

Appellants first contend the lower court erred by refusing their motion for a directed verdict and allege the evidence introduced by the State only raised a suspicion of their guilt.

When a motion for a directed verdict is made in a criminal case the lower court is concerned with the existence or nonexistence of evidence, not with its weight. Although the lower court should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is the lower court's duty to submit the case to the jury if there is any evidence, either direct or circumstantial, which reasonably tends to prove the guilt of the accused or from which guilt may be fairly and logically deduced. Unless there is a total failure of competent evidence as to the charges alleged, refusal by the trial judge to direct a verdict of acquittal is not error. *State v. Massey,* 267 S. C. 432, 229 S. E. (2d) 332 (1976).

The testimony of Mr. Jacobs as to the occurrence of the housebreaking and larceny together with the testimony of Mr. Brooks and Investigator Lewis as to appellants' possession of the stolen tape player formed a sufficient basis from which appellants' guilt could be fairly and logically deduced, thus requiring the submission of the case to the jury. The lower court correctly refused appellants' motion for a directed verdict.

Appellants next contend the following statement by the solicitor during his closing argument to the jury amounted to a comment on their failure to testify and entitled them to a mistrial:

What other reasonable hypothesis is there but that they broke into that house and stole it. You have not heard one witness come up here and say, oh, those two fellows had that tape deck and here's how they got it, they bought it from some fellow off the street or they found it out in the woods. You haven't heard any testimony to that effect so what other reasonable hypothesis can you have but . . .

Defense counsel promptly objected to the solicitor's statement and moved for a mistrial. The trial judge denied the motion for a mistrial but prevented the solicitor from continuing any further in his argument. At the request of defense counsel no curative instruction was given at that time. During the charge to the jury, however, the trial judge gave the following instructions:

The fact that a defendant does not testify in his own behalf cannot and must not be considered against him under any circumstances or in any manner whatsoever. The failure of any defendant to take the witness stand and testify in his own behalf does not create any presumption against him and the jury is charged that it must not permit that fact to weigh in the slightest degree against such defendant or defendants, nor should this fact enter into the discussions or deliberations of the jury in any manner.

We are of the view the statement by the solicitor in his closing argument, albeit improper, was cured by the trial judge's charge to the jury. The solicitor's comment was isolated, indirect, and at best a reference not to appellants' failure to testify but to the lack of any evidence contradicting the testimony introduced by the State. The possibility that the jury might have interpreted the solicitor's comment as indicating the State's evidence was conclusive proof of appellants' guilt was negated by the trial judge's charge.

Approximately four months after appellants were convicted and sentenced they moved before the trial judge for a new trial based on after-discovered evidence. Defense counsel recognized an apparent inconsistency in the trial testimony of Investigator Lewis when compared with Investigator Lewis' testimony at appellants' preliminary hearing, and argued this inconsistency warranted a new trial. The trial judge denied the motion after finding the other evidence in the record was sufficient to sustain the jury's verdict independent of Investigator Lewis' testimony.

A motion for a new trial based on after-discovered evidence is addressed to the sound discretion of the trial judge. The granting of a new trial because of after-discovered evidence is not favored, and this Court will sustain the lower court's denial of such a motion unless there appears an abuse of discretion. *State v. Pierce,* 263 S. C. 23, 207 S. E. (2d) 414 (1974).

Investigator Lewis testified at appellants' preliminary hearing that he did not see the stolen tape player in appellants' car when he stopped them for a routine driver's license check. At trial, however, he testified he did see the tape player in appellants' car. The State made no attempt to explain or otherwise rectify the apparent inconsistency in Investigator Lewis' testimony.

In order to obtain a new trial based on after-discovered evidence the movant must show that the evidence:

(1) is such as would probably change the result if a new trial is had;

(2) has been discovered since the trial;

(3) could not by the exercise of due diligence have been discovered before trial;

(4) is material to the issue; and

(5) is not merely cumulative or impeaching.

*State v. Pierce, supra.*

The only record of the preliminary hearing exists in the form of a cassette tape recording made by appellants' counsel, the Richland County Public Defender. This recording was in the possession of a staff member of the Public Defender's office both before and during the trial. Appellants were present at the preliminary hearing and their counsel was familiar with the contents of the tape. The evidence of the inconsistency in Investigator Lewis' testimony was available before trial, and the inconsistency could have been discovered by a simple review of the testimony given at the preliminary hearing. The only potential use of this prior

inconsistent testimony would be to impeach Investigator Lewis' trial testimony, and it is improbable this inconsistency would change the result if a new trial is had. We agree with the trial judge that the other evidence introduced at trial was sufficient to sustain appellants' conviction.

Appellants failed to show they were entitled to a new trial based on after-discovered evidence and their motion was properly denied by the trial judge.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.