21776

The STATE, Respondent, v. Arthur PORTEE, Appellant.
(294 S. E. (2d) 421)

*Public Defender Laurel E. Caughman*, Sumter, *Appellate Defender John L. Sweeny* and *Asst. Appellate Defender Kathy D. Lindsay* of *S. C. Commission of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Preston F. McDaniel*, Columbia, and *Sol. R. Kirk McLeod*, Sumter, *for respondent.*

August 10, 1982.

*Per Curiam:*

Appellant was convicted of burglary, armed robbery and first degree criminal sexual conduct. He was sentenced to thirty-five years for burglary, twenty-five years (consecutive)

for armed robbery, and thirty years (consecutive) for criminal sexual conduct.

During closing argument the prosecutor told the jury that the reasonable doubt standard in criminal cases was something good defense lawyers use to free guilty defendants.[1] He also told them that reasonable doubt is a "defense" which criminals use when they have no other defenses.

It is clear that reasonable doubt is a standard of proof and not a defense. *In Re Winship,* 397 U. S. 358, 90 S. Ct. 1068, 25 L. Ed. (2d) 368 (1970); *Jackson v. Virginia,* 443 U. S. 307, 99 S. Ct. 2781, 61 L. Ed. (2d) 560 (1979). The purpose of the standard is to reduce the margin of error inherent in human judgments when the liberty of a defendant is at stake. *Winship; Speiser v. Randall,* 357 U. S. 513, 78 S. Ct. 1332, 2 L. Ed. (2d) 1460 (1958). This argument was an erroneous statement of law and, therefore, clearly improper.

In this case, however, the trial judge cured the error by properly instructing the jury that the appellant had a right to remain silent and that the State had a constitutional duty to prove his guilt. *See State v. Irvin,* 270 S. C. 539, 243 S. E. (2d) 195 (1978). He also instructed the jury that reasonable doubt was a standard of proof by which they were to weigh their findings of fact.

Appellant's remaining issues are disposed of under Rule 23 of the Rules of Practice of this Court and appellant's conviction is affirmed.

HARWELL, J., not participating.

---

[1] The prosecutor in this case was a private attorney who was associated by the solicitor and who tried the case in conjunction with the solicitor and an assistant solicitor.