THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Aljaquon Drake, Appellant.
 
 
 

Appeal From Jasper County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2011-UP-388   
 Submitted August 11, 2011  Filed August
15, 2011

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia; and
 Solicitor I. McDuffie Stone, III, of Beaufort, for Respondent.
 
 
 

PER CURIAM:  Aljaquon
 Drake appeals his convictions on two counts of first-degree burglary.  On
 appeal, he argues the trial court erred in: 
(1) denying his motions for
 directed verdict and (2) consolidating the burglaries into one trial.  We
 affirm.[1]
1.  We hold
 the trial court properly denied Drake's motions for directed verdict on both
 burglaries.  The victims of the burglaries testified their houses
 were burglarized and items were stolen, and Drake had possession of or was near
 the stolen items shortly after the period of time during which the burglaries
 could have been committed.  See State v. Irvin, 270 S.C. 539,
 543, 243 S.E.2d 195, 197 (1978) (finding testimony as to the occurrence of the
 burglary together with testimony as to the accused's possession of the stolen
 items form "a sufficient basis from which the [accused]'s guilt could be
 fairly and logically deduced, thus requiring the submission of the case to the
 jury"); State v. Nall, 304 S.C. 332, 336, 404 S.E.2d. 202, 205 (Ct.
 App. 1991) ("The evidence is sufficient to go to the jury if, viewed in
 the light most favorable to the State, a rational trier of fact could find the
 essential elements of the crime beyond a reasonable doubt.").
2.  We hold
 the trial court did not abuse its discretion in consolidating the two
 burglaries into one trial.  Both houses burglarized were secluded, located
 within walking distance from each other; the burglaries took place within a few
 hours; small, inexpensive items were stolen from each; and no prejudice
 resulted to Drake's substantive rights, thus meeting the standard for consolidating
 offenses for trial.  See State
 v. Simmons, 352 S.C. 342, 350, 573
 S.E.2d 856, 860 (Ct. App. 2002) (stating separately charged offenses, which are
 "of the same general nature involving connected transactions closely
 related in kind, place and character" may be tried together, at the trial
 court's discretion, "if the defendant's substantive rights would not be
 prejudiced").
AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur. 

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.