**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Matthew Jamison, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2008-106026

---

Appeal From Richland County
William P. Keesley, Post-Conviction Relief Judge

---

Unpublished Opinion No. 2012-UP-437
Heard June 21, 2012 – Filed July 18, 2012

---

**AFFIRMED**

---

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney Brian T. Petrano, all of Columbia, for Petitioner.

Tricia A. Blanchette, Law Office of Tricia A. Blanchette, LLC, of Columbia, for Respondent.

---

**PER CURIAM:** The State appeals the grant of Matthew Jamison's second petition for post-conviction relief (PCR) arguing the petition was successive and should

have been procedurally barred. The State further contends the PCR court erred in several respects in concluding the petition sufficiently established the existence of after-discovered evidence warranting the withdrawal of Jamison's guilty plea to involuntary manslaughter and the granting of a new trial. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code Ann. § 17-27-70(b) (2003) ("When a court is satisfied, on the basis of the application . . . that the applicant is not entitled to post-conviction relief . . . it may indicate to the parties its intention to dismiss the application and its reason for so doing."); *id.* ("Disposition on the pleadings and record is not proper if there exists a material issue of fact."); *Odom v. State*, 337 S.C. 256, 261, 523 S.E.2d 753, 755 (1999) ("All applicants are entitled to a *full and fair opportunity* to present claims in one PCR application.") (emphasis added); *Greene v. State*, 276 S.C. 213, 214, 277 S.E.2d 481, 481 (1981) ("On appeal from an order granting post-conviction relief, our review is limited to whether there is any evidence to support the trial court's findings of fact."); *State v. Irvin*, 270 S.C. 539, 545, 243 S.E.2d 195, 197 (1975) ("A motion for a new trial based on after-discovered evidence is addressed to the sound discretion of the trial judge."); *State v. De Angelis*, 256 S.C. 364, 369, 182 S.E.2d 732, 734 (1971) (stating absent error of law or abuse of discretion, this court will not disturb the trial court's judgment); *State v. Wharton*, 381 S.C. 209, 215, 672 S.E.2d 786, 789 (2009) ("[T]he applicability of the doctrine of transferred intent to voluntary manslaughter cases where the defendant kills an unintended victim upon sufficient legal provocation committed by a third party remains an unsettled question in South Carolina."); *De Angelis*, 256 S.C. at 369, 182 S.E.2d at 734 (considering whether the defendant could withdraw his guilty plea based on after-discovered evidence and stating "there are cases that motions of this character should be entertained and granted in order that wrongs done may be remedied").

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**