**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Kevin Choice, Appellant.

Appellate Case No. 2013-002735

———————

Appeal From Sumter County
George C. James, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-109
Submitted January 1, 2017 – Filed March 8, 2017

———————

**AFFIRMED**

———————

Jeremy Adam Thompson, of Law Office of Jeremy A. Thompson, LLC, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 29(b), SCRCrimP ("A motion for a new trial based on after-

discovered evidence must be made within one (1) year after the date of actual discovery of the evidence by the defendant or after the date when the evidence could have been ascertained by the exercise of reasonable diligence."); *State v. Harris*, 391 S.C. 539, 545, 706 S.E.2d 526, 529 (Ct. App. 2011) ("'The granting of a new trial because of after-discovered evidence is not favored,' and this court will affirm the trial court's denial of such a motion unless the trial court abused its discretion." (quoting *State v. Irvin*, 270 S.C. 539, 545, 243 S.E.2d 195, 197-98 (1978))); *id.* ("The credibility of newly-discovered evidence is for the trial court to determine."); *id.* ("In order to warrant the granting of a new trial on the ground of after-discovered evidence, the movant must show the evidence (1) is such as will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial by the exercise of due diligence; (4) is material to the issue; and (5) is not merely cumulative or impeaching."); *id.* ("Recantation of testimony ordinarily is unreliable and should be subjected to the closest scrutiny when offered as ground for a new trial." (quoting *State v. Porter*, 269 S.C. 618, 621, 239 S.E.2d 641, 643 (1977))); *State v. Parker*, 249 S.C. 139, 141-42, 153 S.E.2d 183, 183-84 (1967) (holding a trial court did not abuse its discretion in denying a motion for a new trial after a witness, who initially declared his trial testimony to be untrue, subsequently signed an affidavit recanting his recantation).

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.