**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Austin McQuarters, Appellant.

Appellate Case No. 2015-001814

Appeal From Beaufort County
Thomas W. Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2017-UP-320
Submitted May 1, 2017 – Filed August 2, 2017

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William Frederick Schumacher, IV,
both of Columbia; and Solicitor Isaac McDuffie Stone,
III, of Bluffton, all for Respondent.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: Rule 29(b), SCRCrimP ("A motion for a new trial based on after-

discovered evidence must be made within one (1) year after the date of actual discovery of the evidence by the defendant or after the date when the evidence could have been ascertained by the exercise of reasonable diligence."); *State v. Irvin*, 270 S.C. 539, 545, 243 S.E.2d 195, 197 (1978) ("A motion for a new trial based on after-discovered evidence is addressed to the sound discretion of the trial [court]."); *id.* at 545, 243 S.E.2d at 197-98 ("The granting of a new trial because of after-discovered evidence is not favored, and this [c]ourt will sustain the [trial] court's denial of such a motion unless there appears an abuse of discretion."); *State v. Spann*, 334 S.C. 618, 619-20, 513 S.E.2d 98, 99 (1999) (providing a party moving for a new trial must show the after-discovered evidence: "(1) is such that it would probably change the result if a new trial were granted; (2) has been discovered since the trial; (3) could not in the exercise of due diligence have been discovered prior to the trial; (4) is material; and (5) is not merely cumulative or impeaching"); *State v. Harris*, 391 S.C. 539, 545, 706 S.E.2d 526, 529 (Ct. App. 2011) ("The credibility of newly-discovered evidence is for the trial court to determine."); *State v. Pierce*, 263 S.C. 23, 32-33, 207 S.E.2d 414, 419 (1974) (noting the trial court should specify the elements not established by the moving party when denying a motion for a new trial based on after-discovered evidence); *State v. Mercer*, 381 S.C. 149, 167, 672 S.E.2d 556, 565 (2009) (stating this court "may not make [its] own findings of fact" and must "affirm the trial court if reasonably supported by the evidence").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.