**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Robert Max Watkins, Appellant.

Appellate Case No. 2016-000966

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2018-UP-103
Submitted February 1, 2018 – Filed March 7, 2018

**AFFIRMED**

Robert Max Watkins, pro se.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Megan Harrigan
Jameson, both of Columbia; and Solicitor William
Walter Wilkins, III, of Greenville, all for Respondent.

**PER CURIAM:**  Robert Watkins, pro se, appeals a circuit court order denying his motion for a new trial based on after-discovered evidence.  On appeal, Watkins argues the circuit court abused its discretion by (1) denying his motion for a new trial pursuant to *Brady v. Maryland*[1] and (2) denying his motion for a new trial on the grounds he did not sufficiently meet the test for a new trial based on after-discovered evidence.  We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the motion for a new trial based on the alleged *Brady* violation: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to *and ruled upon* by the [circuit court].  Issues not raised and ruled upon in the [circuit] court will not be considered on appeal." (emphasis added)).

2.  As to the motion for a new trial based on the after-discovered evidence: *State v. Harris*, 391 S.C. 539, 545, 706 S.E.2d 526, 529 (Ct. App. 2011) ("In order to warrant the granting of a new trial on the ground of after-discovered evidence, the movant must show the evidence (1) is such as will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial by the exercise of due diligence; (4) is material to the issue; and (5) is not merely cumulative or impeaching."); *State v. Irvin*, 270 S.C. 539, 545, 243 S.E.2d 195, 197-98 (1978) ("The granting of a new trial because of after-discovered evidence is not favored, and this [c]ourt will sustain the [circuit] court's denial of such a motion unless there appears an abuse of discretion."); *State v. Mercer*, 381 S.C. 149, 166, 672 S.E.2d 556, 565 (2009) ("In this post-trial setting, our jurisprudence recognizes the gatekeeping role of the [circuit] court in making a credibility assessment."); *id.* at 167, 672 S.E.2d at 565 ("On review, [the appellate court] may not make [its] own findings of fact.  The deferential standard of review constrains [the appellate court] to affirm the [circuit] court if [its decision is] reasonably supported by the evidence.").

**AFFIRMED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] 373 U.S. 83 (1963).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.