**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Justin Gordon Hunter, Appellant.

Appellate Case No. 2019-000469

———————

Appeal From The State Grand Jury
Deadra L. Jefferson, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-120
Submitted February 1, 2022 – Filed March 23, 2022

———————

**AFFIRMED**

———————

Tommy Arthur Thomas, of Irmo, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

———————

**PER CURIAM:** Justin Gordon Hunter appeals his conviction for distributing methamphetamine and sentence of twenty-five years' imprisonment, arguing the trial court erred by denying his motion for a directed verdict because the State

failed to present any evidence he delivered methamphetamine to the confidential informant, Thomas Sekula. We affirm.

We find Sekula's trial testimony indicating he communicated directly with Hunter to arrange the controlled buy of methamphetamine reasonably tended to prove that Hunter engaged in a constructive transfer of methamphetamine by directing Rosemarie Quezada to deliver methamphetamine to Sekula. *See* S.C. Code Ann. § 44-53-375(B) (2018) (providing that a defendant is guilty of distribution of methamphetamine if he "delivers . . . or conspires to . . . deliver methamphetamine"); S.C. Code Ann. § 44-53-110(10) (2018) (defining "[d]eliver" as "actual, constructive, or attempted transfer"); *Transfer*, *Black's Law Dictionary* (11th ed. 2019) (defining "constructive transfer" as "delivery of an item—esp. a controlled substance—by someone other than the owner but at the owner's direction"). Thus, we find Sekula's testimony was sufficient to submit the charge for distribution of methamphetamine to the jury such that the trial court did not err by denying Hunter's motion for a directed verdict. *See State v. Irvin*, 270 S.C. 539, 543, 243 S.E.2d 195, 197 (1978) ("Unless there is a total failure of competent evidence as to the charges alleged, refusal by the trial [court] to direct a verdict of acquittal is not error."); *State v. Bennett*, 415 S.C. 232, 235, 781 S.E.2d 352, 353 (2016) (stating an appellate court's review of the denial of a motion for a directed verdict "is limited to considering the existence or nonexistence of evidence, not its weight"); *State v. Rogers*, 405 S.C. 554, 563, 748 S.E.2d 265, 270 (Ct. App. 2013). ("If there is any direct evidence . . . that reasonably tends to prove the defendant's guilt, [an appellate court] must find the trial court properly submitted the case to the jury.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.