**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Randolph Ashford, Appellant.

Appellate Case No. 2023-001463

———————

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-402
Submitted November 1, 2025 – Filed December 10, 2025

———————

**AFFIRMED**

———————

Randolph Ashford, pro se.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Mark Reynolds Farthing, and Solicitor Byron E. Gipson, all of Columbia, for Respondent.

———————

**PER CURIAM:** Randolph Ashford appeals his convictions for first-degree burglary, two counts of kidnapping, two counts of assault with intent to kill, and three counts of carjacking, along with his aggregate sentence of forty years' imprisonment. On appeal, Ashford argues the trial court abused its discretion by

denying his motion for a new trial based on after-discovered evidence under Rule 29(b) of the South Carolina Rules of Criminal Procedure.[1]  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by denying Ashford's motion for a new trial because the motion was not timely and Ashford failed to demonstrate any of the factors supporting granting the motion.  *See State v. Harris*, 391 S.C. 539, 544-45, 706 S.E.2d 526, 529 (Ct. App. 2011) ("A motion for a new trial based on after-discovered evidence is addressed to the sound discretion of the trial [court]." (quoting *State v. Irvin,* 270 S.C. 539, 545, 243 S.E.2d 195, 197 (1978))); *id.* ("'The granting of a new trial because of after-discovered evidence is not favored,' and [appellate courts] will affirm the trial court's denial of such a motion unless the trial court abused its discretion." (quoting *Irvin,* 270 S.C. at 545, 243 S.E.2d at 197-98)); Rule 29(b), SCRCrimP ("A motion for a new trial based on after-discovered evidence must be made within one (1) year after the date of actual discovery of the evidence by the defendant or after the date when the evidence could have been ascertained by the exercise of reasonable diligence."); *State v. Haulcomb*, 260 S.C. 260, 270, 195 S.E.2d 601, 606 (1973) ("[A]fter-discovered evidence refers to evidence of facts existing at [the] time of trial of which [the] aggrieved party was excusably ignorant."); *State v. Spann*, 334 S.C. 618, 619-20, 513 S.E.2d 98, 99 (1999) (explaining a defendant moving for a new trial on the basis of after-discovered evidence must show the evidence (1) would probably change the result if a new trial were granted, (2) has been discovered since the trial, (3) could not have been discovered prior to trial by the exercise of due diligence, (4) is material, and (5) is not merely cumulative or impeaching).

**AFFIRMED.**[2]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] On November 17, 2025, Ashford filed a "motion to allow filing of a supplemental record on appeal."  We grant Ashford's motion and have considered the supplemental record on appeal.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.