**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Michael Lamont Watts, Appellant.

Appellate Case No. 2024-000461

---

Appeal From Chesterfield County
Paul M. Burch, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-032
Submitted January 2, 2026 – Filed February 4, 2026

---

**AFFIRMED**

---

Elizabeth Anne Franklin-Best, of Elizabeth Franklin-Best, P.C., of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia; and Solicitor William Benjamin Rogers, Jr., of Chesterfield, all for Respondent.

---

**PER CURIAM:** Michael Lamont Watts appeals his convictions for murder, assault and battery with intent to kill, discharging a firearm into a building,

possession of a weapon during the commission of a violent crime, and escape, along with his aggregate sentence of life without parole. On appeal, Watts argues the trial court abused its discretion by denying his motion for a new trial based on after-discovered evidence pursuant to Rule 29(b), SCRCrimP. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by denying Watts's motion for a new trial because the officer's testimony was cumulative to other eyewitnesses; forensic evidence corroborated eyewitness accounts; Watts testified he fired the gun multiple times; and the after-discovered letter was not favorable to Watts, not material to his guilt, and would not have changed the result of the trial. *See State v. Harris*, 391 S.C. 539, 544-45, 706 S.E.2d 526, 529 (Ct. App. 2011) ("A motion for a new trial based on after-discovered evidence is addressed to the sound discretion of the trial [court]." (quoting *State v. Irvin*, 270 S.C. 539, 545, 243 S.E.2d 195, 197 (1978))); *id.* at 545, 706 S.E.2d at 529 ("'The granting of a new trial because of after-discovered evidence is not favored,' and [appellate] court[s] will affirm the trial court's denial of such a motion unless the trial court abused its discretion." (quoting *Irvin*, 270 S.C. at 545, 243 S.E.2d at 197-98)); *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."); *State v. Durant*, 430 S.C. 98, 107, 844 S.E.2d 49, 53 (2020) ("A *Brady* violation occurs when the evidence at issue is: 1) favorable to the accused; 2) in the possession of or known to the prosecution; 3) suppressed by the prosecution; and 4) material to the defendant's guilt or punishment."); *id.* ("Such a violation is material when there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."); *United States v. Bagley*, 473 U.S. 667, 682 (1985) ("A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."); *State v. Carlson*, 363 S.C. 586, 610, 611 S.E.2d 283, 295 (Ct. App. 2005) (holding a defendant who fails to establish a *Brady* violation is not entitled to a new trial); Rule 29(b), SCRCrimP ("A motion for a new trial based on after-discovered evidence must be made within one (1) year after the date of actual discovery of the evidence by the defendant or after the date when the evidence could have been ascertained by the exercise of reasonable diligence."); *State v. Haulcomb*, 260 S.C. 260, 270, 195 S.E.2d 601, 606 (1973) ("[A]fter-discovered evidence refers to evidence of facts existing at [the] time of trial of which [the] aggrieved party was excusably ignorant."); *State v. Spann*, 334 S.C. 618, 619-20, 513 S.E.2d 98, 99 (1999) (explaining a defendant moving for a new trial on the basis of after-discovered evidence must show the evidence "(1) would probably

change the result if a new trial were granted, (2) has been discovered since the trial, (3) could not in the exercise of due diligence have been discovered prior to the trial, (4) is material, and (5) is not merely cumulative or impeaching").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.