18609

The STATE, Respondent, v. Francis PARKER, Appellant
(153 S. E. (2d) 183)

*Philip H. Arrowsmith, Esq.,* of Florence, *for Appellant.*

*Richard G. Dusenbury, Esq.,* Solicitor, of Florence, *for Respondent,*

February 24, 1967.

Moss, Chief Justice:

Francis Parker, the appellant herein, was tried, convicted and sentenced for the crime of safecracking at the 1964

October term of Court of General Sessions for Florence County. At the trial, one Alphonso Mack, a witness for the State, testified that he heard the appellant admit that he had cracked the safe in question.

Thereafter, the appellant made a motion for a new trial on the ground of after-discovered evidence. This motion was primarily based upon an affidavit of Alphonso Mack, a trusty serving a sentence at the Florence County Jail, having been convicted of the crime of housebreaking and grand larceny, that the testimony given by him at the trial against the appellant was false and untrue. The date of this affidavit was October 22, 1964. Thereafter, on January 6, 1965, this same Mack made another affidavit in which he stated that the testimony given by him at the trial of Francis Parker was true and correct. He admitted that the affidavit he gave on October 22, 1964, was false and untrue.

This motion came on to be heard before the Honorable W. L. Rhodes, Jr., Presiding Judge, and was refused by his order of January 9, 1965. This appeal is from such order.

The question for determination here is whether the trial judge committed error in not granting the motion for a new trial made on the ground of after-discovered evidence.

It is the fixed rule that the credibility of newly-discovered evidence offered in support of a motion for a new trial is a matter for determination by the circuit judge to whom it is offered. In him, not this court, resides the power to weigh such evidence; and, his judgment thereabout will not be disturbed except for error of law or abuse of discretion. *State v. Corn*, 224 S. C. 74, 77 S. E. (2d) 354; *State v. Mayfield*, 235 S. C. 11, 109 S. E. (2d) 716.

We have also held that recantation of testimony ordinarily is unreliable and should be subjected to the closest scrutiny when offered as a ground for a

new trial. *State v. Whitner*, 228 S. C. 244, 89 S. E. (2d) 701. To hold such affidavits sufficient to require the granting of a new trial would be to open the door to fraud and perjury, as well as to invite interminable delays in the disposition of causes. The character of the affidavits, and that of the affiant, furnished a reasonable basis for the refusal of a new trial. We cannot say that the order of Judge Rhodes refusing the motion for a new trial was based on error of law or that it constituted abuse of judicial discretion.

The judgment below is affirmed.

LEWIS, BUSSEY and BRAILSFORD, JJ., and G. BADGER BAKER, Acting J., concur.