20607

The STATE, Respondent, v. Charles WAKEFIELD, Jr., Appellant.

(242 S. E. (2d) 219)

See also, S. C., 242 S. E. (2d) 215.

---

[4] This point was conceded by the State in oral argument.

*John I. Mauldin,* of Greenville, *for Appellant.*

*Daniel R. McLeod, Atty. Gen.,* and *Brian P. Gibbes, Asst. Atty. Gen.,* of Columbia, and *William W. Wilkins, Jr., Sol.,* of Greenville, *for Respondent.*

*American Civil Liberties Union,* of Columbia, *amicus curiae.*

February 15, 1978.

LITTLEJOHN, Justice:

The defendant-appellant, Charles Wakefield, Jr. (Wakefield), was charged with murdering Rufus Franklin Looper, Jr. and Rufus Franklin Looper, III, on January 31, 1975, by killing them with a gun while in the commission of an armed robbery. He was tried by a jury, commencing on February 23, 1976, found guilty and sentenced to death by electrocution. The trial, conviction and sentence were pursuant to § 16-52, Code of Laws of South Carolina (1962) *as amended* (Supp. 1975), which we refer to as the Act of 1974. He has appealed the conviction and sentence.

Briefs were filed and oral arguments heard in this Court at the June, 1977, term. The case was taken under advisement. Thereafter, in August of 1977, the Attorney General petitioned this Court to remand Wakefield, and others sentenced to death under the Act of 1974, to the lower court for the purpose of having a jury determine whether each of the defendants should suffer death by electrocution, or be sentenced to life imprisonment.[1] By this application, the Attorney General asks the Court to order a separate sentencing trial, consistent with the new capital punishment Act of 1977, which provided for a bifurcated trial. This application was apparently inspired by the ruling of the United

[1] See *State v. Rogers and related cases,* filed herewith.

States Supreme Court in *Dobbert v. Florida,* 432 U. S. 282, 97 S. Ct. 2290, 53 L. Ed. (2d) 344 (1977).

A ruling upon the appeal on its merits was withheld pending a hearing of the Attorney General's application. The same came to be heard before this Court on Monday, January 9, 1978. At that time, counsel for Wakefield appeared before us and stated that he had been instructed by his client to withdraw the appeal and filed with this Court Wakefield's affidavit, dated January 8, 1978.

In the light of the request of Wakefield, the Court would be justified in summarily granting the request and dismissing the appeal. However, we have given full consideration to each of the exceptions, as they relate to the conviction, and find the same to be lacking in merit. Accordingly, the conviction is affirmed.

The Act of 1974, in effect at the time of the wrongful killings and at the time of the trial of Wakefield, was declared unconstitutional as relates to the death sentence, on July 2, 1976, by the United States Supreme Court, in *Woodson v. North Carolina,* 428 U. S. 280, 96 S. Ct. 2978, 49 L. Ed. (2d) 944, and *Roberts v. Louisiana,* 428 U. S. 325, 96 S. Ct. 3001, 49 L. Ed. (2d) 974. We recognized the unconstitutionality of the Act of 1974, as it relates to the death sentence, in *State v. Rumsey,* 267 S. C. 236, 226 S. E. (2d) 894 (1976), and in *State v. Hall,* S. C., 235 S. E. (2d) 112 (1977), and remanded for resentencing. Wakefield is entitled to a similar ruling and the same procedure. We affirm Wakefield's conviction of murder and reverse only the imposition of the death penalty, leaving him subject to the constitutional life sentence provision of the Act of 1974. The case is remanded to the General Sessions Court of Greenville County for the purpose of sentencing Wakefield to life imprisonment.

Affirmed in part; reversed in part; and remanded for resentencing.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.