THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Raymond Gene Killian,       
Appellant.
 
 
 

Appeal From Lancaster County
Costa M. Pleicones, Circuit Court Judge
Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No. 2003-UP-023
Submitted October 22, 2002  Filed January 
 8, 2003

AFFIRMED

 
 
 
Tara Dawn Shurling, of Columbia, for appellant.
Attorney General Charles M. Condon, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General W. Rutledge Martin, all of Columbia; and Solicitor 
 John R. Justice, of Chester, for respondent.
 
 
 

PER CURIAM:          Affirmed 
 pursuant to Rule 220(b)(2), SCACR, and the following authorities:  As to Issue 
 I:  State v. Needs, 333 S.C. 134, 157-58, 508 S.E.2d 857, 869 (1998) 
 (stating a motion for a new trial based on after-acquired evidence is addressed 
 to the sound discretion of the trial judge and will not be disturbed absent 
 an abuse of discretion); State v. Spann, 334 S.C. 618, 619-20, 513 S.E.2d 
 98, 99 (1999) (stating to prevail in a motion for a new trial based on after-acquired 
 evidence, an appellant must show the evidence:  (1) would change the result 
 if the new trial were granted; (2) was discovered following the trial; (3) could 
 not, in the exercise of due diligence, have been discovered prior to trial; 
 (4) is material; and (5) is not merely cumulative or impeaching); State v. 
 Deese, 266 S.C. 534, 538, 225 S.E.2d 175, 176 (1976) (stating when testimony 
 is in conflict and depends on the credibility of the new evidence, it is the 
 duty of the trial judge to assess the evidence); State v. Parker, 249 
 S.C. 139, 141, 153 S.E.2d 183, 184 (1967) (stating the credibility of the newly-discovered 
 evidence is a matter for the determination of the trial judge and his judgment 
 will not be disturbed absent an error of law or an abuse of discretion).
As to Issue II:  State v. Saltz, 346 S.C. 
 114, 121, 551 S.E.2d 240, 244 (2001) (The admission or exclusion of evidence 
 is left to the sound discretion of the trial judge, whose decision will not 
 be reversed on appeal absent an abuse of discretion.); Rule 401, SCRE (stating 
 evidence is relevant if it has any tendency to make, the existence of any fact 
 that is of consequence to the determination of the action more probable or less 
 probable than it would be without the evidence); Rule 403, SCRE (stating relevant 
 evidence may be excluded if the danger of unfair prejudice to the defendant 
 outweighs the probative value of the States case); State v. Ford, 334 
 S.C. 444, 453, 513 S.E.2d 385, 389 (Ct. App. 1999) (stating unfair prejudice 
 refers to evidence tending to suggest decision on an improper basis, not the 
 damage to a defendants case resulting from the legitimate probative force of 
 the evidence); State v. Hamilton, 344 S.C. 344, 357, 543 S.E.2d 586, 
 594 (Ct. App. 2001) (quoting United States v. Green, 887 F.2d 25, 27 
 (1st Cir. 1989)) (A trial courts decision regarding the comparative probative 
 value versus prejudicial effect of evidence should be reversed only in exceptional 
 circumstances.); First Savings Bank v. McLean, 314 S.C. 361, 363, 444 
 S.E.2d 513, 514 (1994) (stating when an [a]ppellant fails to provide arguments 
 or supporting authority for his assertion, the issue is deemed to be abandoned 
 on appeal).
AFFIRMED. 
 [1] 
GOOLSBY, STILWELL, and HOWARD, JJ., 
 concur.

 
 [1] Because oral argument would not aid the Court 
 in resolving any issue on appeal, we decide this case without oral argument 
 pursuant to Rule 215, SCACR.