654 S.E.2d 835

The **STATE**, Petitioner

v.

**Rorey Jamar JOHNSON**, Respondent.

No. 26406.

Supreme Court of South Carolina.

Heard Nov. 14, 2007.
Decided Dec. 17, 2007.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia, and Robert M. Ariail, of Greenville, for Petitioner.

Chief Appellate Defender Joseph L. Savitz, III, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, and Clay Allen, of Spartanburg, for Respondent.

Justice PLEICONES:

The State appealed a trial court order granting a new trial based upon testimony regarding a polygraph test. The Court of Appeals affirmed. *State v. Johnson,* 363 S.C. 184, 610

S.E.2d 305 (Ct.App.2005). We granted the State's petition for certiorari and now vacate the Court of Appeals' decision.

## FACTS

Rorey Jamar Johnson (Johnson) was charged with the murder of Gregory W. Whitaker (Whitaker). Crystal Marion, Alton Henderson, and Michael Jones, Jr. were allegedly with Johnson when the murder occurred, and all three testified at trial for the State.

Crystal Marion was the first witness to testify at trial. When asked whether the third and final statement she gave to the police was the whole truth, Marion answered:

Well, the second statement was the truth as well, but, therefore, they kind of made me feel like I was lying because I didn't pass the polygraph test. And the second one . . .

At that point, defense counsel moved for a mistrial, which the trial judge denied. The judge instructed the jury to disregard the reference to the polygraph.

The jury found Johnson guilty of murder. The trial court granted Johnson's motion for a new trial based upon Marion's reference to the polygraph. The State appealed, and the Court of Appeals affirmed.

## ISSUES

I. Does the State have a right to appeal an order granting a new trial when no error of law exists?

II. If the State has a right to appeal, did the Court of Appeals err in affirming the trial court's order granting a new trial based upon testimony concerning polygraph test results?

## ANALYSIS

Johnson contends that the State had no right to appeal in this case. We agree.

The State may only appeal a new trial order if, in granting it, the trial judge committed an error of law. *State v. Des Champs*, 126 S.C. 416, 120 S.E. 491 (1923). An error of

law exists where a trial judge directed a verdict of acquittal after a jury verdict of guilty when there was evidence to support the jury verdict. *State v. Dasher,* 278 S.C. 395, 297 S.E.2d 414 (1982). When determining whether an error of law exists, and therefore whether the State has a right to an appeal, it is necessary to consider the merits of the case.

A trial judge has the discretion to grant or deny a motion for a new trial, and his decision will not be reversed absent a clear abuse of discretion. *State v. Simmons,* 279 S.C. 165, 166, 303 S.E.2d 857, 858 (1983). The general rule is that no mention of a polygraph test should be placed before the jury. It is thus incumbent upon the trial judge to ensure that should such a reference be made, no improper inference be drawn therefrom. *State v. McGuire,* 272 S.C. 547, 551, 253 S.E.2d 103, 105 (1979).

The trial judge found that Marion's statement about a polygraph test prejudiced Johnson. Because the case against Johnson essentially consisted of witness testimony, the credibility of each witness was crucial to the verdict. Marion's statement created an inference that bolstered the credibility of the State's witnesses. The jury could have believed that the State made each witness pass a polygraph test before they were able to testify at trial as part of their individual plea bargains. The trial judge did not abuse his discretion by granting a new trial.

We find that there is no error of law because the trial judge did not abuse his discretion. Absent an error of law, the State had no right to appeal the new trial order. See *State v. Des Champs, supra.*

## CONCLUSION

We vacate the Court of Appeals' opinion and dismiss the State's appeal. The Court of Appeals' opinion is

**VACATED.**

TOAL, C.J., MOORE, WALLER, JJ., and Acting Justice DOROTHY MOBLEY JONES, concur.