THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Miama Kromah, Appellant.
 
 
 

Appeal From Richland County
 James W. Johnson, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2009-UP-322
Heard May 12, 2009  Filed June 15, 2009    
AFFIRMED

 
 
 
 Tara Shurling, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Assistant Attorney General William M. Blitch, Jr., and Solicitor Warren B
 Giese; all of Columbia, for Respondent.
 
 
 

PER CURIAM: Miama Kromah appeals her convictions
 and sentences for unlawful neglect of a child and infliction of great bodily
 injury upon a child.  She argues the trial court erred in (1) permitting the State's witnesses to testify as to
 the actions they took as a result of hearsay statements made by the three-year
 old victim who would have been incompetent to testify at trial; (2) allowing
 the State to argue during closing argument that the victim was deliberately
 hidden away from the State, implying the victim would have testified Kromah
 committed this crime; and (3) denying Kromah's new trial motion based on
 after-discovered evidence.  We affirm. 
1.  We find Kromah's argument that the trial court erred in
 permitting the State's witnesses to testify unpreserved for review.  With
 regards to Heather Smith's testimony, the objection did not specifically
 pertain to her reliance on the victim's statements, but rather addressed the
 form of the State's question.  See State v. Turner, 373 S.C. 121, 126 n.1, 644
 S.E.2d 693, 696 n.1 (2007) (holding in order for an issue to be preserved for
 appellate review, it must have been raised to and ruled upon by the trial
 court); State v. Johnson, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005)
 (holding an objection should be addressed to the trial court in a sufficiently
 specific manner that it brings attention to the exact error).  Similarly, the objection lodged during
 Investigator Roy Livingston's direct-examination did not address any alleged
 hearsay statement.
2.  We find Kromah's argument that the trial court erred in
 allowing the State's closing argument unpreserved for review because the
 objection addressed the lack of evidence to support the State's arguments, not
 the implications of the argument.  Additionally, Kromah did not make a
 contemporaneous objection to the closing argument based on its insinuations.  See State
 v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may
 not argue one ground at trial and an alternate ground on appeal."); In
 the Matter of the Care & Treatment of McCracken, 346 S.C. 87, 93, 551
 S.E.2d 235, 238-39 (2001) (holding the proper course is to object immediately
 to an improper argument).
3.  We
 find the trial court properly denied Kromah's new trial motion because the
 alleged after-discovered evidence is not such that it would probably change the
 result if a new trial was granted and the evidence could have been discovered
 and presented during her trial.  See State v. Spann, 334 S.C.
 618, 619-20, 513 S.E.2d 98, 99 (1999) (holding that in order to prevail on a
 new trial motion based on after-discovered evidence, the appellant must show
 the evidence:  "(1) is such that it would probably change the result if a
 new trial were granted; (2) has been discovered since the trial; (3) could not
 in the exercise of due diligence have been discovered prior to the trial; (4)
 is material; and (5) is not merely cumulative or impeaching"). 
AFFIRMED.
SHORT, WILLIAMS,
 and LOCKEMY, JJ., concur.