THIS OPINION
 HAS NO PRECEDENTAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Kendrick V.
 Alston, Appellant.
 
 
 

Appeal From York County
Lee S. Alford, Circuit Court Judge

Unpublished Opinion No. 2011-UP-146
 Submitted April 1, 2011  Filed April 11,
2011

AFFIRMED 

 
 
 
 Deputy Chief Appellate Defender Wanda H.
 Carter, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of
 Columbia; Solicitor Kevin Scott Brackett, of York, for Respondent.
 
 
 

PER CURIAM:  Appellant
 Kendrick V. Alston appeals his conviction for resisting arrest.  On appeal,
 Alston argues the trial court erred in denying both his motion for a directed
 verdict and for a new trial because the arresting officer did not have a
 warrant or probable cause to justify the underlying arrest for driving under
 suspension.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  Rule 19(a),
 SCRCrimP (requiring a trial court to consider only the existence or
 nonexistence of evidence when considering a motion for a directed verdict); State
 v. Johnson, 376 S.C. 8, 11, 654 S.E.2d 835, 836 (2007) ("A trial judge
 has the discretion to grant or deny a motion for a new trial, and his decision
 will not be reversed absent a clear abuse of discretion."); S.C. Code Ann.
 § 17-13-30 (2003) ("The sheriffs and deputy sheriffs of this State may
 arrest without warrant any and all persons who, within their view, violate any
 of the criminal laws of this State if such arrest be made at the time of such
 violation of law or immediately thereafter."); State v. Martin, 275
 S.C. 141, 147-48, 268 S.E.2d 105, 108 (1980) (holding it is error to interpret
 section 17-13-30 so as to exclude the power of an officer to arrest for a
 misdemeanor, without a warrant, where the facts and circumstances within his
 observation give him probable cause to believe that the crime has been freshly
 committed); State v. Baccus, 367 S.C. 41, 49, 625 S.E.2d 216, 220 (2006)
 ("Probable cause for a warrantless arrest exists when the circumstances
 within the arresting officer's knowledge are sufficient to lead a reasonable
 person to believe that a crime has been committed by the person being
 arrested.").
AFFIRMED.
HUFF, SHORT,
 and PIEPER, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.