**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Robert H. Koon, Appellant.

Appellate Case No. 2011-200608

―――――――――

Appeal From Cherokee County
J. Mark Hayes, II, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2013-UP-216
Submitted March 1, 2013 – Filed May 22, 2013

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia, for Respondent.

―――――――――

**PER CURIAM:** Affirmed[1] pursuant to Rule 220(b), SCACR, and the following authorities: Rule 29(b), SCRCrimP ("A motion for a new trial based on after-discovered evidence must be made within one (1) year after the date of actual discovery of the evidence by the defendant or after the date when the evidence could have been ascertained by the exercise of reasonable diligence."); *State v. Spann*, 334 S.C. 618, 619-20, 513 S.E.2d 98, 99 (1999) ("In order to prevail in this new trial motion, appellant must show the after-discovered evidence: (1) is such that it would probably change the result if a new trial were granted; (2) has been discovered since the trial; (3) could not in the exercise of due diligence have been discovered prior to the trial; (4) is material; and (5) is not merely cumulative or impeaching."); *State v. Harris*, 391 S.C. 539, 545, 706 S.E.2d 526, 529 (Ct. App. 2011) ("The granting of a [motion for a] new trial because of after-discovered evidence is not favored, and this court will affirm the trial court's denial of such a motion unless the trial court abused its discretion." (internal quotation marks and citation omitted)); *id.* ("The credibility of newly-discovered evidence is for the trial court to determine."); *State v. Mercer*, 381 S.C. 149, 167, 672 S.E.2d 556, 565 (2009) ("On review, we may not make our own findings of fact."); *id.* ("The deferential standard of review constrains us to affirm the trial court if reasonably supported by the evidence.").[2]

**AFFIRMED.**[3]

**FEW, CJ., and GEATHERS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] As to any argument regarding alleged police misconduct: *Langehans v. Smith*, 347 S.C. 348, 352, 554 S.E.2d 681, 683 (Ct. App. 2001) ("In order for an issue to be properly presented for appeal, the appellant's brief must set forth the issue in the statement of issues on appeal."); *id.* ("Further, it is error for the appellate court to consider issues not properly raised to it.").

[3] The South Carolina Supreme Court's order of October 27, 2010, barring Appellant from further collateral actions challenging his 1986 burglary convictions does not affect our consideration of this appeal because Koon filed this case in the circuit court on October 10, 2010.