**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Lakeithon M. Hall, Appellant.

Appellate Case No. 2013-002616

Appeal From Lancaster County
Brian M. Gibbons, Circuit Court Judge

Unpublished Opinion No. 2016-UP-100
Submitted November 1, 2015 – Filed March 2, 2016

**AFFIRMED**

Tricia A. Blanchette, of Law Office of Tricia A. Blanchette, LLC, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General J. Anthony Mabry, all of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, for Respondent.

**PER CURIAM:** Lakeithon M. Hall appeals the trial court's denial of his motion for a new trial based on after-discovered evidence pursuant to Rule 29(b), South Carolina Rules of Criminal Procedure. He argues the trial court erred in (1) denying his request for a continuance and (2) finding the evidence offered was newly available evidence that could only be used for impeachment and would not have changed the outcome of the trial. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Hall's request for a continuance: *State v. Bryant*, 372 S.C. 305, 315-16, 642 S.E.2d 582, 588 (2007) (finding an issue conceded in the trial court cannot be argued on appeal).

2. As to whether the trial court erred by finding the evidence offered was newly available evidence that could only be used for impeachment and would not have changed the outcome of the trial: *State v. Johnson*, 376 S.C. 8, 11, 654 S.E.2d 835, 836 (2007) ("A trial [court] has the discretion to grant or deny a motion for a new trial, and [its] decision will not be reversed absent a clear abuse of discretion."); *State v. Mercer*, 381 S.C. 149, 166, 672 S.E.2d 556, 565 (2009) ("In this post-trial setting, our jurisprudence recognizes the gatekeeping role of the trial court in making a credibility assessment."); *State v. Whitener*, 228 S.C. 244, 261, 89 S.E.2d 701, 709 (1955) ("Recantation of testimony ordinarily is unreliable and should be subjected to the closest scrutiny when offered as [a] ground for a new trial."); *State v. Spann*, 334 S.C. 618, 619-20, 513 S.E.2d 98, 99 (1999) ("In order to prevail [on a] new trial motion, appellant must show the after-discovered evidence: (1) is such that it would probably change the result if a new trial were granted; (2) has been discovered since the trial; (3) could not in the exercise of due diligence have been discovered prior to the trial; (4) is material; and (5) is not merely cumulative or impeaching.").

**AFFIRMED.**

**HUFF, A.C.J., and WILLIAMS and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.