**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ardon Percival Cato, II, Appellant.

Appellate Case No. 2016-002081

———————————

Appeal From Horry County
Steven H. John, Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-383
Submitted September 1, 2018 – Filed October 17, 2018

———————————

**AFFIRMED**

———————————

Ardon Percival Cato, II, pro se.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Anthony Mabry, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

———————————

**PER CURIAM:** Ardon Percival Cato, II, appeals the circuit court's denial of his motion for a new trial based on after-discovered evidence pursuant to Rule 29(b) of

the South Carolina Rules of Criminal Procedure.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Spann*, 334 S.C. 618, 619-20, 513 S.E.2d 98, 99 (1999) (providing that an appellant seeking a new trial based on after-discovered evidence must show the evidence "(1) is such that it would probably change the result if a new trial were granted; (2) has been discovered since the trial; (3) could not in the exercise of due diligence have been discovered prior to the trial; (4) is material; and (5) is not merely cumulative or impeaching"); *State v. Johnson*, 376 S.C. 8, 11, 654 S.E.2d 835, 836 (2007) ("A [circuit court] has the discretion to grant or deny a motion for a new trial, and [its] decision will not be reversed absent a clear abuse of discretion."); *State v. Needs*, 333 S.C. 134, 158, 508 S.E.2d 857, 869 (1998), *holding modified on other grounds by State v. Cherry*, 361 S.C. 588, 606 S.E.2d 475 (2004) ("The granting of such a motion is not favored and, absent error of law or abuse of discretion, an appellate court will not disturb the [circuit court's] denial of the motion."); *State v. Harris*, 391 S.C. 539, 545, 706 S.E.2d 526, 529 (Ct. App. 2011) ("On review, we may not make our own findings of fact.  The deferential standard of review constrains us to affirm the [circuit] court if reasonably supported by the evidence." (quoting *State v. Mercer*, 381 S.C. 149, 167, 672 S.E.2d 556, 565 (2009))); *Dalton v. State*, 376 S.C. 130, 137-38, 654 S.E.2d 870, 874 (Ct. App. 2007) ("[S]tatements made during a guilty plea should be considered conclusive unless a criminal inmate presents valid reasons why he should be allowed to depart from the truth of his statements.").

**AFFIRMED.**

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.