**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Ronald Hakeem Mack, Respondent.

Appellate Case No. 2017-002441

---

Appeal From Williamsburg County
Michael G. Nettles, Circuit Court Judge

---

Unpublished Opinion No. 2020-UP-148
Submitted April 1, 2020 – Filed May 20, 2020

---

**REVERSED**

---

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Sherrie Butterbaugh, all of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Appellant.

Appellate Defender Susan Barber Hackett, of Columbia, for Respondent.

---

**PER CURIAM:** The State appeals a ruling granting Ronald Hakeem Mack's motion for resentencing pursuant to *Aiken v. Byars*, 410 S.C. 534, 765 S.E.2d 572 (2014). On appeal, the State argues the circuit court erred in granting Mack's motion for resentencing because (1) Mack was not entitled to resentencing as he received a term-of-years sentence and will be released when he finishes it; (2) Mack's sentence was not a *de facto* life sentence and the trial court deviated from existing precedent to create a cognizable claim under *Miller v. Alabama*, 567 U.S. 460 (2012); and (3) by their plain language, *Miller* and *Aiken* apply only to juvenile offenders sentenced to actual sentences of life without parole (LWOP) and Mack is not a member of that class.

Because Mack received a term-of-years sentence rather than an LWOP sentence, he was not a member of the class of offenders contemplated by our precedent; therefore, the trial court abused its discretion in granting his motion for resentencing. Accordingly, we reverse pursuant to Rule 220(b), SCACR, and the following authorities:[1] *State v. Perez*, 423 S.C. 491, 496, 816 S.E.2d 550, 553 (2018) ("In criminal cases, this [c]ourt sits solely to review errors of law."); *id.* (holding appellate courts will not disturb a trial court's findings absent a manifest abuse of discretion); *id.* at 496-97, 816 S.E.2d at 553 ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or is based on findings of fact that are without evidentiary support."); *Graham v. Florida*, 560 U.S. 48, 59-60 (2010) ("[T]he Eighth Amendment contains a 'narrow proportionality principle,' that 'does not require strict proportionality between crime and sentence' but rather 'forbids only extreme sentences that are grossly disproportionate to the crime.'" (quoting *Harmelin v. Michigan*, 501 U.S. 957 (1991))); *Miller*, 567 U.S. at 479-80 (holding mandatory LWOP sentences for juveniles violate the Eighth Amendment and requiring a sentencing court that issues LWOP sentences to juveniles for homicide conduct an individualized hearing in which it considers various factors of youth, such as the offender's age and maturity and the circumstances surrounding the homicide offense); *id.* (noting an LWOP sentence is a disproportionate sentence for all but the rarest of juveniles whose crimes reflect irreparable corruption); *Aiken*, 410 S.C. at 544, 765 S.E.2d at 577 (2014) (holding *Miller* applied retroactively and any juvenile sentenced to

---

[1] Mack's argument that the underlying order is not immediately appealable is without merit. *See State v. Johnson*, 376 S.C. 8, 10-11, 654 S.E.2d 835, 836 (2007) ("The State may only appeal a new trial order if, in granting it, the trial judge committed an error of law. . . . When determining whether an error of law exists, and therefore whether the State has a right to an appeal, it is necessary to consider the merits of the case.").

mandatory or permissible LWOP was entitled to resentencing to allow them to present evidence specific to their attributes of youth); *State v. Slocumb*, 426 S.C. 297, 306-07, 827 S.E.2d 148, 153 (2019) (considering whether *de facto* life sentences violate the Eighth Amendment pursuant to the principles established in *Graham* and *Miller* and declining to extend the holdings in those cases to include *de facto* life sentences); *id*. at 306, 827 S.E.2d at 153 (acknowledging Slocumb's 130-year aggregate sentence constituted a *de facto* life sentence, but declining to extend the holdings of *Graham* and *Miller*, stating "a long line of Supreme Court precedent prohibits us from extending federal constitutional protections beyond the boundaries the Supreme Court itself has set"); *id*. at 314-15, 827 S.E.2d at 157 (noting the holding in *Graham* only applied to *de jure* life sentences); *id*. ("Neither *Graham* nor the Eighth Amendment, as interpreted by the Supreme Court, currently prohibits the imposition of aggregate sentences for multiple offenses amounting to a *de facto* life sentence on a juvenile non-homicide offender.").

**REVERSED.**[2]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.