# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State of South Carolina, Petitioner,

v.

Charles Wakefield, Jr., Respondent.

Appellate Case No. 2024-000434

––––––––––––

## COMMON LAW WRIT OF CERTIORARI

––––––––––––

Alex Kinlaw, Jr., Circuit Court Judge

––––––––––––

Opinion No. 28210
Submitted May 8, 2024 – Filed June 20, 2024

––––––––––––

## DECLARATORY JUDGMENT ISSUED
## ORDER VACATED

––––––––––––

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, and Senior
Assistant Deputy Attorney General Melody Jane Brown,
all of Columbia, for Petitioner.

Joshua Snow Kendrick, of Kendrick & Leonard, P.C., of
Greenville, S.C.; and Christine C. Mumma, of N.C.
Center on Actual Innocence, of Durham, N.C., for
Respondent.

**PER CURIAM:** This matter is before the Court of General Sessions for the Thirteenth Judicial Circuit on a motion for a new trial based on after-discovered evidence pursuant to Rule 29(b), SCRCrimP. Following an order of discovery, the State petitioned this Court for extraordinary relief, including a common law writ of certiorari, declaratory relief, and a writ of prohibition. The State also asked this Court to stay the proceedings in the circuit court and/or remove the proceedings from the circuit court to this Court and expedite the proceedings in this Court. We grant the petition for extraordinary relief, issue a common law writ of certiorari, grant the request for declaratory relief, and hold discovery cannot be ordered on a Rule 29(b), SCRCrimP, new trial motion. We deny the remainder of the requested relief.

Respondent was convicted of two counts of murder, armed robbery, robbery, and larceny of Frank and Rufus Looper and was sentenced to death. His convictions were affirmed on direct appeal, but the case was remanded for the imposition of a life sentence because the death penalty statute under which Respondent was sentenced was later determined to be unconstitutional. *State v. Wakefield*, 270 S.C. 293, 295, 242 S.E.2d 219, 220 (1978). Although he sought post-conviction relief (PCR) in the courts of this state and habeas corpus relief in the federal courts, Petitioner received no relief in any of the collateral actions.

In 2020, Respondent filed a Rule 29(b), SCRCrimP, motion for a new trial based on after-discovered evidence. The evidence includes a .32 Rossi revolver found decades after the crimes that was consistent with the murder weapon and letters found in a file at the Greenville County Law Enforcement Center that Respondent alleges indicate he was framed for the Looper murders by corrupt law enforcement officers.[1]

The circuit court granted a hearing on the motion for a new trial based on after-discovered evidence and issued a discovery order. The discovery order requires the State to disclose all case files maintained by the Greenville Police Department, SLED, and the Thirteenth Circuit Solicitor's Office relating to the investigation of the murders of the Loopers and the prosecution of Respondent; all evidence that

---

[1] Respondent represents that the folder has since been lost by law enforcement; however, Respondent has obtained an audio recording of a Greenville City Council meeting where the information in the file was discussed.

may be favorable to Respondent in the State's possession or the existence of which is known or may, by the exercise of reasonable diligence, become known by the State; any promises, rewards, or inducements made to witnesses in the case; any offers or grants of immunity to any witnesses in the case; and copies of all memoranda, reports, and correspondences between state, local, and federal law enforcement agencies regarding the investigation of the case. In the order, the circuit court stated it was "committed to ensuring justice was served to [Respondent] and the Looper family. That cannot be done without full transparency and disclosure of all evidence."

Rule 29(b), SCRCrimP, provides for a motion for a new trial based on after-discovered evidence. To prevail on a motion for a new trial based on after-discovered evidence, the moving party must show the evidence: (1) is such that it would probably change the result if a new trial were granted; (2) has been discovered since the trial; (3) could not in the exercise of due diligence have been discovered prior to the trial; (4) is material; and (5) is not merely cumulative or impeaching. *State v. Spann,* 334 S.C. 618, 619–20, 513 S.E.2d 98, 99 (1999).

Our decisions discussing the requirements for a new trial based on after-discovered evidence indicate that in deciding these motions, the circuit court is limited to reviewing the transcript of, and evidence presented at, the defendant's trial and any other evidence the party moving for a new trial presents as after-discovered evidence. *See, e.g., id.* at 619–20, 513 S.E.2d at 99 (requiring after-discovered evidence to be "such that *it* would probably change *the result* if a new trial were granted" (emphasis added)); *see also Jamison v. State*, 410 S.C. 456, 469, 765 S.E.2d 123, 129–30 (2014) (noting the traditional after-discovered evidence test "presumes that [the circuit court] is in a position to *weigh the new testimony against that provided at the prior trial* and assess whether an acquittal verdict would enter based upon new evidence" (emphasis added)); *State v. Strickland*, 201 S.C. 170, 22 S.E.2d 417, 419 (1942) ("The contents of the circuit order evidence the painstaking care with which the learned [j]udge considered the motion [for a new trial based on after-discovered evidence] and supporting papers. Like him, this Court has reviewed the *[t]ranscript of [r]ecord in the former appeal and the proceedings upon the motion . . .* " (emphasis added)). There is no provision of law or decision of this Court allowing for additional discovery—other than a party's use of the court's subpoena power—after a hearing on the new trial motion has been ordered. We hold discovery cannot be ordered on a motion for a new trial based on after-discovered evidence.

The discovery order issued in this matter exceeds the limits of a motion for a new trial based on after-discovered evidence. Therefore, we vacate the order and direct the circuit court to consider only the after-discovered evidence presented by Respondent in support of his motion for a new trial and the evidence presented at Respondent's trial in deciding the motion.

**VACATED.**

**BEATTY, C.J., FEW, JAMES and HILL, JJ., concur. KITTREDGE, J., not participating.**