**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Antwan Demetric McMillan, Appellant.

Appellate Case No. 2024-000432

———————

Appeal From Colleton County
Robert J. Bonds, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-387
Submitted November 20, 2025 – Filed November 26, 2025

———————

**AFFIRMED**

———————

James Arthur Brown, Jr., of Law Offices of Jim Brown,
P.A., of Beaufort, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General Mark Reynolds Farthing,
both of Columbia; and Solicitor Isaac McDuffie Stone,
III, of Bluffton, all for Respondent.

———————

**PER CURIAM:** Antwan McMillan appeals the denial of his motion for a new trial following his 2011 convictions for three counts of first-degree assault and battery, three counts of attempted armed robbery, and one count of possession of a

weapon during the commission of a violent crime, as well as his aggregate sentence of thirty years' imprisonment. On appeal, he argues the trial court erred in denying his motion for a new trial based on the after-discovered evidence of a previously undisclosed alleged plea deal between the State and the sole cooperating accomplice. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in denying McMillan's motion for a new trial. The trial court made a credibility finding that the cooperating accomplice's affidavit was unreliable and not credible, which we defer to. Relying on the trial court's credibility finding, a review of the record supports the finding that the affidavit from the cooperating accomplice would not likely change the result if a new trial were granted—the first prong of the after-discovered evidence test. *See State v. Mercer*, 381 S.C. 149, 166, 672 S.E.2d 556, 565 (2009) ("The decision whether to grant a new trial rests within the sound discretion of the trial court, and this [c]ourt will not disturb the trial court's decision absent an abuse of discretion."); *State v. Spann*, 334 S.C. 618, 619-20, 513 S.E.2d 98, 99 (1999) ("In order to prevail in this new trial motion, appellant must show the after-discovered evidence: (1) is such that it would probably change the result if a new trial were granted; (2) has been discovered since the trial; (3) could not in the exercise of due diligence have been discovered prior to the trial; (4) is material; and (5) is not merely cumulative or impeaching."); *Mercer*, 381 S.C. at 166, 672 S.E.2d at 565 ("In this post-trial setting, our jurisprudence recognizes the gatekeeping role of the trial court in making a credibility assessment."); *State v. Johnson*, 413 S.C. 458, 467, 776 S.E.2d 367, 371 (2015) ("Credibility findings are treated as factual findings, and therefore, the appellate inquiry is limited to reviewing whether the trial court's factual findings are supported by any evidence in the record."); *id.* ("[I]t is well-established under South Carolina law that credibility determinations are entitled to great deference.").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.